IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-CR-161 |
| ) | (REEVES/GUYTON) |
| GEYSER DELEON, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case was before the Court on May 1, 2014, for a suppression hearing on the Defendant's Motion to Suppress and Memorandum of Law in Support of the Motion [Doc. 246], filed on April 4, 2014. Assistant United States Attorney Tracy Stone appeared on behalf of the Government. Attorney Mark Brown appeared on behalf of Defendant Deleon, who was also present. The Court took the motion, response, and arguments under advisement on May 1, 2014.

### I. POSITIONS OF THE PARTIES

The Defendant is charged in 16 varying counts of a 58-count Indictment [Doc. 33] with conspiracy to distribute and possess with intent to distribute cocaine, knowingly possessing a firearm in furtherance of a drug trafficking crime, and conspiracy to commit money laundering.

In his motion to suppress [Doc. 246], the Defendant seeks to suppress all recorded telephone conversations between himself and a confidential informant who was working on

behalf of the FBI. Specifically, the Defendant argues that the communications should be suppressed because they were recorded without first obtaining a wiretap warrant. The Defendant asserts that he had a reasonable expectation of privacy in his phone conversations with the informant and that absent a warrant authorizing the inception of these phone calls, law enforcement illegally obtained the communications in violation of the Fourth Amendment and Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et. seq.* The Defendant further maintains that any additional evidence obtained as a result of the illegally intercepted conversations, including the firearm at issue in this case, should likewise be suppressed as "fruit of the poisonous tree."

The Government responds [Doc. 257] that it is well-established that the Fourth Amendment does not protect a defendant who reveals his illegal activities to a companion, even if the companion is working for or cooperating with law enforcement. Because the informant in this case was a party to the phone calls and consensually recorded his communications with the Defendant, the Government maintains there is no Fourth Amendment implication. In addition, the Government submits that Title III does not apply to consensually recorded phone calls and resulting evidence. For these same reasons, the Government submits that the Defendant's "fruit of the poisonous tree" argument is without merit.

## II. FACTUAL BACKGROUND

During the May 1 suppression hearing, no testimony or evidence was presented. Counsel for the parties agreed that there was no factual dispute in this case and stipulated to the facts as follows:

During the investigation of this case, the FBI obtained numerous recorded telephone

2

conversations between the Defendant and a confidential informant. The informant, who was working at the behest of law enforcement, was a party to each of the phone conversations at issue and consented to the calls being recorded. The Defendant had no knowledge that his phone conversations with the informant were being recorded. While there were several Title III wiretap warrants issued in this case, there was never a warrant issued for the Defendant's phone number. Rather than obtain a warrant, law enforcement relied on the informant to record his phone conversations with the Defendant. The subject of these communications were to set up controlled drug transactions, as well as a controlled purchase of a firearm, between the Defendant and the informant as charged in Counts 18, 19, 22, 23, 24, 27, 30, 35, 36, 39, 40, 43, 45, and 50 of the Indictment.[1] Specifically, the consensually recorded phone conversations resulted in the informant completing eight controlled cocaine buys from the Defendant between February 13, 2013, and June 7, 2013, and a controlled purchase of a firearm from the Defendant and another co-conspirator on June 7, 2013. In addition, the informant purchased an ounce of suspected cocaine from the Defendant at the Defendant's residence on July 3, 2013.

## IV. ANALYSIS

The Fourth Amendment protects citizens against unreasonable searches and seizures. U.S. Const. amend IV. This protection extends only to constitutionally protected areas where a person can be said to have a reasonable expectation of privacy from governmental intrusion. United States v. Meriweather, 917 F.2d 955, 958 (6th Cir. 1990). Whether a person can claim a "constitutionally protected reasonable expectation of privacy" is twofold. California v. Ciraolo, 476 U.S. 207, 211 (1986) (quoting Katz v. United States, 389 U.S. 347, 360 (1967)). First, an

---

[1] The recorded phone calls were also instrumental in bringing about other counts charged in this conspiracy.

individual must have manifested a subjective expectation of privacy into the thing being searched. Id. Second, society must be willing to recognize that expectation as reasonable. Id.

In his motion to suppress, the Defendant argues [Doc. 246 at 4] that he had a "reasonable expectation of privacy" in his phone conversation with the informant. It is undisputed that the Defendant did not know that his phone calls with the informant were being recorded. Thus, as to the first prong of the inquiry, the Court finds that the Defendant has exhibited a subjective expectation of privacy in these communications.

In regard to the second prong, however, the Court finds that the Defendant's privacy interest was not reasonable. "The test of legitimacy is not whether the individual chooses to conceal assertedly 'private' activity. Rather, the correct inquiry is whether the government's intrusion infringes upon the personal and societal values protected by the Fourth Amendment." Oliver v. United States, 466 U.S. 170, 182-83 (1984). Our Supreme Court has established that the Fourth Amendment does not "protect[] a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it." Hoffa v. United States, 385 U.S. 293, 302 (1966). "[H]owever strongly a defendant may trust an apparent colleague, his expectations in this respect are not protected by the Fourth Amendment when it turns out that the colleague is a government agent regularly communicating with the authorities." United States v. White, 401 U.S. 745, 749 (1971) (plurality opinion).

The Defendant attempts to distinguish Hoffa and White from the instant case on the grounds that in those Supreme Court cases, the recorded conversations at issue were made by an informant who was in the physical presence of the defendant when the statements were made. By contrast, the Defendant argues that he believed he was engaged in a private phone

4

conversation with another person which changes the privacy interests one could expect. Contrary to the Defendant's assertion, the Court finds that the line of reasoning established in Hoffa and White is no less applicable where a defendant, as is in this case, makes the statements over the phone. See Manetta v. Macomb Cnty. Enforcement Team, 141 F.3d 270, 276 n.5 (6th Cir. 1998) (holding that "neither the United States Constitution nor any federal statute prohibits law enforcement officials from recording or listening to phone conversations so long as one of the parties to the conversation has consented"); see also United States v. McKneely, 69 F.3d 1067, 1073 (10th Cir. 1995) ("When the government records a defendant's conversation with another party, pursuant to that party's consent, neither the Fourth Amendment nor [Title III] is violated."); United States v. Tangeman, 30 F.3d 950, 952 (8th Cir. 1994) (holding the same).

Accordingly, the Court finds that the Defendant's misplaced confidence in an individual who was acting as an informant for the FBI by consensually recording his/her phone conversations with the Defendant is not the type of government action the Fourth Amendment seeks to prohibit. Therefore, the Defendant's Fourth Amendment challenge is not well-taken.

The Defendant also argues that the recorded communications were illegal pursuant to Title III. During the suppression hearing, the Defendant essentially argued that because law enforcement knew who he was and had probable cause to obtain a wiretap warrant prior to the time the phone conversations were recorded, law enforcement should have done just that, and therefore, it was improper to rely on the informant instead.

The Court finds no support in the Defendant's contention. Title III specifically states that "[i]t shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or

5

one of the parties to the communication has given prior consent to such interception." 18 U.S.C § 2511(2)(c). "[I]nformants who record private conversations at the direction of government investigators are 'acting under color of law.'" Obron Atl. Corp. v. Barr, 990 F.2d 861, 864 (6th Cir. 1993) (quotations omitted). Thus, the government has no obligation to obtain a warrant authorizing the recording of a telephone conversation where a party to the conversation consents to it being recorded. See United States v. Porter, 29 F. App'x 232, 238 (6th Cir. Jan. 28, 2002) (finding that "where the government makes a recording with the consent and cooperation of a government informant who is a participant in the conversation, there is no duty to inform the defendant or to obtain a court order"); United States v. Hodge, 539 F.2d 898, 904 (6th Cir. 1976) (holding that "[i]t was the intent of [Title III] to allow consensual interception of telephone conversations without an authorizing warrant") (citing 18 U.S.C. § 2511(2)(c)). In fact, our appellate court has gone so far as to say that under such circumstances, there is no "interception" or "eavesdropping" that takes place. Smith v. Cincinnati Post & Times-Star, 475 F.2d 740, 741 (6th Cir. 1973).

In the present matter, it is undisputed that the informant was working for the FBI and therefore he was "acting under color of law." Moreover, it is undisputed that the informant was a party to the communications at issue and gave consent to each of the communications being recorded. Therefore, the Court finds that a warrant was unnecessary to record the telephone conversations between the Defendant and the informant. Accordingly, the Defendant's Title III argument is not well-taken.

## IV.   CONCLUSION

After carefully considering the evidence, the parties' filings and arguments, and the relevant legal authorities, the Court finds no basis to suppress the recorded communications. For the reasons set forth herein, it is **RECOMMENDED**[2] that the Defendant's Motion to Suppress and Memorandum of Law in Support of the Motion [**Doc. 246**] be **DENIED**.

Respectfully submitted,

       s/ H. Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).