UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CASE NO. 3:13-CR-161-PLR-HBG |
| | ) | |
| GEYSER DELEON | ) | |

## MEMORANDUM AND ORDER

On May 23, 2014, the Honorable H. Bruce Guyton, United States Magistrate Judge, filed a 7-page Report and Recommendation (R&R) [R. 273] in which he recommended that defendant's motion to suppress evidence [R. 246] be denied. This matter is presently before the court on defendant's timely objections to the R&R [R. 288]. On June 16, 2014, the defendant signed a plea agreement [R. 293], and his change of plea hearing is scheduled for July 8, 2014.

As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. After doing so, the court readily concludes that Magistrate Judge Guyton has thoroughly and correctly analyzed the legal issues presented in defendant's motion to suppress. Thus, any further comment by the court is unnecessary and would be repetitive. In sum, the court finds that all recorded telephone conversations between defendant and a confidential informant were consensually recorded and do not violate either the Fourth Amendment or Title III. *See United States v. Porter*, 29 Fed. Appx. 232 238 (6th Cir. Jan. 28, 2002) ("where the government makes a recording with the consent and cooperation of a government

informant who is a participant in the conversation, there is no duty to inform the defendant or to obtain a court order"); *United States v. Hodge,* 539 F.2d 898, 904 (6th Cir. 1976) (holding it was the intent of Title II to allow consensual interception of telephone conversations without an authorizing warrant).

Accordingly, defendant's objections [R. 288] are hereby **OVERRULED** in their entirety, and the R&R is **ACCEPTED IN WHOLE.** Defendant's motion to suppress evidence [R. 246] is hereby **DENIED.**

Enter:

_____
**UNITED STATES DISTRICT JUDGE**