UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| GEYSER DELEON, | ) | | |
| | ) | | |
| Petitioner, | ) | Case Nos. | 3:13-CR-161-PLR-HBG |
| | ) | | 3:16-CV-408-PLR |
| v. | ) | | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM AND ORDER**

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 969]. He bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague [*Id.*]. For the following reasons, Petitioner's § 2255 petition [Doc. 969] will be **DISMISSED WITH PREJUDICE**.

I.  BACKGROUND

In July, 2014, the Petitioner entered a guilty plea to one count of conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base [Doc. 308]. Based on the drug quantity inherent in his conviction, the United States Probation Office assigned him an offense level of 29 [Presentence Investigation Report Addendum], resulting in an advisory Guideline range of 120 months' imprisonment (the mandatory minimum) when combined with his criminal history category of I [Doc. 575]. The Court sentenced Petitioner to 120 months' incarceration [Doc. 600].

Petitioner appealed, but the Sixth Circuit Court of Appeals affirmed his conviction and sentence on August 6, 2015 [Doc. 822]. Petitioner filed the current § 2255 motion on June 20, 2016. He asserts that the Court erroneously applied either the Armed Career Criminal Act, and/or *Johnson* to his case at sentencing.

## II. ANALYSIS

Petitioner's argument that he does not possess predicate offenses sufficient to support his categorization as an armed career criminal under § 924(e) fails because his sentence was not based on the ACCA or any enhancement.[1] In fact, Petitioner was sentenced to the minimum time for the offense. As such, *Johnson* is inapposite to his case.

## III. CONCLUSION AND ORDER

For the reasons discussed, Petitioner's § 2255 motion [Doc. 969] is hereby **DISMISSED WITH PREJUDICE**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a

---

[1] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause – the residual clause – that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **IT IS SO ORDERED.**

    ENTER:   July 1, 2016

                                    **UNITED STATES DISTRICT JUDGE**

3

Case 3:13-cr-00161-PLR-HBG   Document 973   Filed 07/01/16   Page 3 of 3   PageID #: 5403