UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| GEYSER DELEON, | ) | | |
| | ) | | |
| Petitioner, | ) | Case Nos. | 3:13-CR-161-PLR-HBG |
| | ) | | 3:16-CV-408-PLR |
| v. | ) | | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM AND ORDER**

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 984][1]. He bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague [*Id.*]. For the following reasons, Petitioner's § 2255 petition [Doc. 984] will be **DISMISSED WITH PREJUDICE**.

I. **BACKGROUND**

In July, 2014, the Petitioner entered a guilty plea to one count of conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base [Doc. 308]. Based on the drug quantity inherent in his conviction, the United States Probation Office assigned him an offense level of 29 [Presentence Investigation Report Addendum], resulting in an advisory Guideline range of 120 months' imprisonment (the

---

[1] All citations to the record are found on the docket of case no. 3:13-CR-161.

mandatory minimum) when combined with his criminal history category of I [Doc. 575]. The Court sentenced Petitioner to 120 months' incarceration [Doc. 600].

Petitioner appealed, but the Sixth Circuit Court of Appeals affirmed his conviction and sentence on August 6, 2015 [Doc. 822]. Petitioner filed a § 2255 motion on June 20, 2016, asserting that the Court erroneously applied either the Armed Career Criminal Act, and/or *Johnson* to his case at sentencing [Doc. 969]. The Court found that the Motion lacked merit, and the Court dismissed it [Doc. 973]. The present Petition alleges the same grounds for relief.

## II. ANALYSIS

Petitioner's argument that he does not possess predicate offenses sufficient to support his categorization as an armed career criminal under § 924(e) fails because his sentence was not based on the ACCA or any enhancement.[2] In fact, Petitioner was sentenced to the minimum time for the offense. As such, *Johnson* simply does not apply to his case.

Moreover, the Motion contains a material, false statement. At paragraph number ten, Petitioner states that, other than the direct appeal of his judgment of conviction, he has not previously filed any Petition or Motion with respect to his judgment in any federal court. This is false, as Deleon did file a § 2255 Motion [Doc. 939] prior to the present Motion. In addition,

---

[2] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause – the residual clause – that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

2

Deleon's present Motion sets forth no facts or arguments of law to support the relief requested. The Petitioner, in effect, just re-filed his prior Motion after it was dismissed with prejudice.

### III. CONCLUSION AND ORDER

For the reasons discussed, Petitioner's § 2255 motion [Doc. 984] is hereby **DISMISSED WITH PREJUDICE**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

The Court also advises the Petitioner that he has filed two successive motions requesting the identical relief. Both motions were without merit. The Court **ADMONISHES** the Petitioner against any further motion filings on this issue.

**SO ORDERED.**

ENTER: August 8, 2016

_____
**UNITED STATES DISTRICT JUDGE**